[Cite as *State v. Billingsley*, 2015-Ohio-4824.]

STATE OF OHIO, JEFFERSON COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | CASE NO. 15 JE 3 |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| BRANDON BILLINGSLEY, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:     Criminal Appeal from the Court of
                              Common Pleas of Jefferson County,
                              Ohio.
                              Case No. 14CR121

JUDGMENT:                     Affirmed.

APPEARANCES:

For Plaintiff-Appellee:       Atty. Jane M. Hanlin
                              Jefferson County Prosecutor
                              Atty. George Sarap
                              Assistant Prosecuting Attorney
                              Jefferson County Justice Center
                              16001 State Route 7
                              Steubenville, Ohio  43952

For Defendant-Appellant:      Atty. Bernard C. Battistel
                              Scarpone Law Offices, LLC
                              2021 Sunset Boulevard
                              Steubenville, Ohio 43952

JUDGES:

Hon. Carol Ann Robb
Hon. Cheryl L. Waite
Hon. Mary DeGenaro

                              Dated: November 19, 2015

ROBB, J.

**{¶1}** Defendant-Appellant Brandon Billingsley appeals his conviction of receiving stolen property entered in the Jefferson County Common Pleas Court. He argues the evidence was insufficient to support his conviction and the jury verdict was contrary to the manifest weight of the evidence. For the following reasons, Appellant's conviction is affirmed.

## STATEMENT OF THE CASE

**{¶2}** Just after 3:00 p.m. on July 25, 2014, a detective with the Jefferson County Sheriff's Department and a sergeant with the Ohio State Highway Patrol were speaking at a street corner when Appellant drove past. The detective informed the sergeant that Appellant lacked a valid driver's license. (Tr. 51, 57). The sergeant initiated a traffic stop and confirmed Appellant was driving under suspension. (Tr. 58). He did not own the vehicle and was supposed to be working on it for the vehicle's owner, who lived in Pennsylvania. (Tr. 64-65). Appellant asked the sergeant to tell the detective he was on his way to Pittsburgh to purchase drugs, suggesting he wished to assist law enforcement in arresting a drug dealer. (Tr. 58)

**{¶3}** In the meantime, the detective discovered an active warrant for Appellant's arrest. (Tr. 51-52, 58). The sergeant arrested Appellant and found a checkbook that did not belong to Appellant in his back pocket and two loose checks from that checkbook in his front pocket. (Tr. 52, 58). One of those checks was signed (but otherwise blank). (Tr. 59). Appellant told the sergeant he found the checkbook in the vehicle he was driving but could not explain why the checkbook was in one of his pockets and two loose checks were in another pocket. (Tr. 60).

**{¶4}** The checking account was jointly owned by a mother and daughter, who were contacted that evening. They reported: the signature on the check was not theirs, they did not know Appellant, and he did not have permission to use the checkbook. (Tr. 77-78, 81). The mother advised that she left her car unlocked while visiting her doctor's office in a local building that same morning. Soon after she left the office, she noticed her checkbook was no longer on the front seat. (Tr. 75-76).

**{¶5}** On July 30, 2014, a complaint was filed against Appellant for receiving stolen property; the charge was bound over to the grand jury. On October 1, 2014,

Appellant was indicted for receiving stolen property, theft, and forgery, all felonies of the fifth degree. At the January 29, 2015 jury trial, the state presented testimony of the detective, the sergeant, and the two checkbook owners. After the state's case-in-chief, the defense moved for acquittal. The court granted the motion in part by dismissing the theft and forgery counts. (Tr. 85). The jury found Appellant guilty of receiving stolen property. The sentencing hearing proceeded that same day. In a January 30, 2015 entry, the court sentenced Appellant to twelve months in prison. The within appeal followed.

<u>ASSIGNMENT OF ERROR NUMBER ONE: SUFFICIENCY</u>

{¶6} Appellant sets forth two assignments of error, the first of which provides:

"THE STATE PRESENTED INSUFFICIENT EVIDENCE TO SUPPORT A CONVICTION FOR RECEIVING STOLEN PROPERTY."

{¶7} Appellant alleges there was no evidence he knew or had reasonable cause to believe the checkbook was stolen. He also contends the state must prove more than mere physical possession, relying on *State v. Jackson*, 20 Ohio App.3d 240, 485 N.E.2d 778 (12th Dist.1984) (where the court ruled the term "receive" requires the exercise of dominion and control and found sufficient evidence of receiving stolen property because having a loaded stolen gun on one's person can evidence control over the property). Appellant points out that he did not own the vehicle he was driving, alluding to the sergeant's testimony that Appellant claimed he found the checkbook in the vehicle he was driving. Appellant also claims he had that vehicle for less than an hour.

{¶8} We note that Appellant fails to indicate where in the record this fact was established. On the contrary, the sergeant was asked if there was any evidence Appellant had the car for more than one hour. The sergeant responded that he did not ask and that he did not know how long Appellant had the vehicle. (Tr. 65). This is not evidence that Appellant had the vehicle for less than an hour. Regardless, the state did *not* claim Appellant possessed the stolen items because they were found in the vehicle he was driving. Rather, the state's case was based upon the testimony

that the stolen items *were on Appellant's person*, *in the pockets of his pants,* with a checkbook in one pocket and two checks torn from that checkbook in another pocket.

{¶9} Sufficiency of the evidence is a question of law dealing with legal adequacy, rather than the weight or persuasiveness of the evidence. *State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997). *See also State v. Smith*, 80 Ohio St.3d 89, 113, 684 N.E.2d 668 (1997) (sufficiency of the evidence is the legal standard applied to determine whether the case may go to the jury or whether the evidence is legally sufficient as a matter of law to support the verdict.) In reviewing a sufficiency of the evidence argument, the evidence and all rational inferences to be drawn from the evidence are evaluated in the light most favorable to the prosecution. *State v. Goff*, 82 Ohio St.3d 123, 138, 694 N.E.2d 916 (1998).

{¶10} A conviction cannot be reversed on grounds of sufficiency unless the reviewing court determines that no rational juror could have found the elements of the offense proven beyond a reasonable doubt. *Id.* The elements of receiving stolen property are: "receive, retain, or dispose of property of another knowing or having reasonable cause to believe that the property has been obtained through commission of a theft offense." R.C. 2913.51(A). *See also* R.C. 2913.51(C) (offense is a fifth degree felony if the property is of the type defined in R.C. 2913.71); R.C. 2913.71(B) (listing a blank check).

{¶11} The required mental state, like any other element, can be established by circumstantial evidence. *See, e.g., State v. Seiber*, 56 Ohio St.3d 4, 13-14, 564 N.E.2d 408 (1990). Circumstantial and direct evidence possess the same probative value. *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991). "Receive" implies that the property came into defendant's possession with his knowledge, consent, and approval. *State v. Bundy*, 20 Ohio St.3d 51, 53, 485 N.E.2d 1039 (1985), citing *State v. Worley*, 46 Ohio St.2d 316, 329, 348 N.E.2d 351 (1976). "Possession of stolen property may be individual or joint, actual or constructive. Proof of control or dominion is essential." *Worley*, 46 Ohio St.3d at 331 ("But control or dominion can be achieved through the instrumentality of another").

{¶12} Here, all of the pre-printed checks were clearly labeled with the name of the account holders. Appellant was not one of the owners. Both owners of the

checkbook testified that they did not know Appellant and he did not have permission to use the checkbook. (They also testified that they did not sign the check that had a signature on it.) One of the checkbook owners testified that she left her checkbook in an unlocked car in a local parking lot for less than an hour on the morning of Appellant's arrest and the checkbook was gone when she returned to her car.

{¶13} A sergeant with the Ohio State Highway Patrol testified to finding the checkbook in Appellant's back pocket and the two loose checks in Appellant's right front pocket. (Tr. 58). A detective with the Jefferson County Sheriff's Department witnessed these discoveries. His testimony confirmed the checkbook was found in Appellant's back pocket and the two loose checks were found in Appellant's front pocket. (Tr. 52).

{¶14} The property was in the pockets of the pants Appellant was wearing and thus within his immediate physical possession. The only rational conclusion to be drawn is that he put the items in his pockets. He told the officer the items were in the car he was driving that day. Even if one believes that claim, Appellant was fixing the car for someone who was not the owner of the checkbook or checks that Appellant placed in the pockets of his pants. The fact that the checkbook was in a different pocket than the two loose checks torn from the checkbook is also telling.

{¶15} Appellant exercised dominion and control over the property of another by placing the checkbook in his back pocket and two blank checks in his front pocket. After viewing all of the evidence and all rational inferences drawn from the evidence in the light most favorable to the state, a rational juror could find that the property was stolen, Appellant exercised dominion and control over the property, and Appellant had reasonable cause to believe the property was stolen. This assignment of error is without merit.

ASSIGNMENT OF ERROR NUMBER TWO: MANIFEST WEIGHT

{¶16} Appellant's second assignment of error contends:

"THE DEFENDANT-APPELLANT'S CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

{¶17} Weight of the evidence deals with the inclination of the greater amount of credible evidence to support one side of the issue over the other. *Thompkins*, 78

Ohio St.3d at 387. In reviewing a manifest weight of the evidence argument, the reviewing court examines the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses, and determines whether in resolving conflicts in the evidence, the trial court clearly lost its way and created such a manifest miscarriage of justice that a new trial must be ordered. *Id.* The fact-finder is best able to weigh the evidence and judge the credibility of witnesses by viewing the demeanor, voice inflections, and gestures of the witnesses testifying before it. *See, e.g., Seasons Coal Co. v. Cleveland*, 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1994).

**{¶18}** A reversal on weight of the evidence is ordered only in exceptional circumstances. *Id.* at 387. In fact, where a case has been tried by a jury, only a unanimous appellate court can reverse on the ground that the verdict was against the manifest weight of the evidence. *Id.* at 389, citing Ohio Constitution, Article IV, Section 3(B)(3). The power of the court of appeals to sit as the "thirteenth juror" is limited in order to preserve the jury's role with respect to issues surrounding the credibility of witnesses and weight of other evidence. *See id.* at 387, 389. We proceed under the theory that when there are two conflicting versions of events, neither of which is unbelievable, we refrain from adjudicating which version we believe is most credible. *State v. Gore*, 131 Ohio App.3d 197, 201, 722 N.E.2d 125 (7th Dist.1999).

**{¶19}** Appellant points out that the trial court dismissed the theft and forgery charges, and he reviews the lack of evidence for those offenses. However, the trial court's decision that there was insufficient evidence Appellant was the person who stole the checkbook from the account owners or he was the person who forged the owner's signature did not diminish the weight of the evidence regarding the offense of receiving stolen property. The property was shown to be stolen by testimony of the checkbook owners. The weight and credibility of their testimony is not specifically challenged here, and there is no indication the jury lost its way by believing them.

**{¶20}** Appellant points out that the video from the recording system in the sergeant's cruiser (which has an auto-erase feature after sixty days) was unavailable.

Appellant suggests the testimony as to where the checkbook and checks were found is suspect as a result of the failure to preserve the video of the stop.

{¶21} The sergeant testified he removed the checkbook from the back pocket of Appellant's pants and two loose checks from the right front pocket of Appellant's pants. A detective confirmed that he witnessed the removal of these stolen items from Appellant's back and front pockets, respectively. The sergeant explained: the video from his cruiser is automatically deleted after sixty days; he would have "tagged" the video for preservation if he had received a subpoena in time; and he did not receive a subpoena until after the expiration of that period. (The subpoena was issued by the grand jury, not by the defense). (Tr. 61-62, 64, 68).

{¶22} The sergeant's failure to proactively preserve his "dash cam" video of Appellant's arrest prior to the system's sixty-day automatic delete deadline does not make his (or the detective's) testimony incredible. *See, e.g., State v. Turner*, 8th Dist. No. 98803, 2013-Ohio-1666, ¶ 9-13 (where the defendant argued that testimony establishing the elements was not credible as the store owner had video surveillance but failed to preserve the recording of the theft, which was erased due to the limited memory of the video system). The jury occupied the best position to determine the credibility of the police officers. There is no indication that two officers' testimony as to location of the stolen items lacked credibility or that the jury lost its way in determining the location of the items. This argument is overruled.

{¶23} As to weight of the evidence in general, there is no manifest miscarriage of justice in this case. A checkbook was stolen from a vehicle; Appellant was found in possession of the checkbook later that day; the checkbook was in the back pocket of his pants; two checks were torn from the checkbook (one of which had a forged signature); and the two checks were in the front pocket of Appellant's pants. There is no indication the jury lost its way in determining the credibility of witnesses or weighing the evidence and the reasonable inferences to be drawn from that evidence. The evidence does not weigh heavily against Appellant's conviction for receiving stolen property, and there are no exceptional circumstances present. This assignment of error is overruled. For the foregoing reasons, Appellant's conviction is affirmed.

Waite, J., concurs.

DeGenaro, J., concurs.