[Cite as *State v. Podojil*, 2017-Ohio-2640.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 28138 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| RYAN PODOJIL | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 2015 06 1860 |

DECISION AND JOURNAL ENTRY

Dated: May 3, 2017

HENSAL, Presiding Judge.

{¶1} Defendant-Appellant, Ryan Podojil, appeals his conviction for theft from the Summit County Court of Common Pleas. For the following reasons, this Court reverses and remands the matter for sentencing proceedings consistent with this decision.

I.

{¶2} This appeal presents an issue of statutory interpretation. Mr. Podojil has asked this Court to decide whether Revised Code Section 2913.71(B) applies to the theft of all checks, regardless of their value, or whether it applies to blank checks.[1] By way of background, Mr. Podojil was charged with two counts of petty theft under Section 2913.02(A)(1), misdemeanors of the first degree, and two counts of theft under Sections 2913.02(A)(1)/2913.71(B), felonies of the fifth degree. The charges stemmed from allegations that Mr. Podojil stole two payroll checks

---

[1] Section 2913.71(B) also includes "other negotiable instrument[s.]" Mr. Podojil's argument, however, pertains solely to the statute's reference to checks. Our analysis will do the same.

from his employer. The stolen checks were made payable to other employees, and were in the amounts of $664.58 and $718.37.

{¶3} Mr. Podojil entered a plea of not guilty and waived his right to a jury trial. The case proceeded to a bench trial. The trial court found Mr. Podojil guilty on all counts and determined that the misdemeanor counts merged with the felony counts. The State elected to proceed with sentencing on the two felony counts, and the trial court sentenced Mr. Podojil to two ten-month terms of incarceration to run concurrently. The trial court suspended the prison sentences and placed Mr. Podojil on two years of community control. Mr. Podojil now appeals, raising one assignment of error for our review.

II.

ASSIGNMENT OF ERROR

APPELLANT'S CONVICTIONS FOR THEFT UNDER ORC []2913.71 ARE IMPROPER AS A MATTER OF LAW AS THE TR[IA]L COURT IMPROPERLY INTERPRETED THE STATUTE AT ISSUE[.]

{¶4} In his sole assignment of error, Mr. Podojil argues that Section 2913.71(B) applies to the theft of blank checks, not just any checks, regardless of their value. In this regard, he argues that the trial court erred because it "[c]leary * * * interpreted this statute to say a check or other blank negotiable instrument."

{¶5} We review a trial court's interpretation and application of a statute on a de novo basis because it presents us with a question of law. *State v. Wheeling Lake Erie Ry. Co.*, 9th Dist. Medina No. 3214-M, 2002 WL 389056, *1. We, therefore, afford no deference to the trial court's determination. *Porter v. Porter*, 9th Dist. Summit No. 21040, 2002-Ohio-6038, ¶ 5.

{¶6} Section 2913.71 enhances misdemeanor theft and receiving-stolen-property offenses to fifth-degree felonies, regardless of the value of the property involved and regardless

of whether the offender previously has been convicted of a theft offense, if the property involved is of a certain type. R.C. 2913.71. Relevant to this appeal is subsection (B), which provides that a theft offense under Section 2913.02 is a felony of the fifth degree if the property involved is "[a] printed form for a check or other negotiable instrument, that on its face identifies the drawer or maker for whose use it is designed or identifies the account on which it is to be drawn, and that has not been executed by the drawer or maker *or* on which the amount is blank[.]" (Emphasis added.)

{¶7}    Initially, we note that there is no dispute that the employer issued both checks, which "identifie[d] the drawer or maker for whose use [they were] designed [and] identifie[d] the account on which [they were] to be drawn[.]" There is also no dispute as to the amount of each check: $664.58 and $718.37. Indeed, the president of the corporation that the checks were stolen from testified that the checks were "fully executed[,]" and the State conceded in its merit brief that the checks were "filled out," and contained "the amount of pay, a printed signature, and the account number that the money is drawn from." The dispute lies in whether that language (i.e., "that on its face identifies the drawer or maker for whose use it is designed or identifies the account on which it is to be drawn, and that has not been executed by the drawer or maker or on which the amount is blank") modifies "[a] printed form for a check[,]" or "other negotiable instrument[,]" or both.

{¶8}    As previously noted, Mr. Podojil argued below that Section 2913.71(B) applies to blank checks, not just any checks, regardless of their value. The State, on the other hand, argued that the word "blank" – and all of the other language after the first comma in Section (B) – only modifies "other negotiable instruments[.]" The trial court found that the "negotiable instrument[s] in question" fell within the purview of Section 2913.71 because they were "printed

form[s] that on [their] face did identify the drawer or maker and had not been executed by the drawer or maker."

{¶9} We begin our analysis with a review of the Comment to Section 2913.71, which is instructive. *Heritage Hills, Ltd. v. Deacon*, 49 Ohio St.3d 80, 82 (1990) (noting that a statute's official comment is instructive). The Comment provides, in part:

> The types of property which give rise to the more serious penalty include: credit cards, *blank checks* and money orders[.] * * * The rationale for making theft of * * * these items a felony is that there are thriving clandestine markets in all of them, and all are particularly subject to organized criminal activity. In addition, the harm ultimately resulting from the theft of many of these items may far exceed the harm attributable to their actual loss. For example, a credit card or *blank check* represents only a few cents worth of plastic, paper, embossing, or printing and can easily be replaced, but the thief or his successors may meanwhile receive many hundreds or even thousands of dollars through their unlawful use.

(Emphasis added.) R.C. 2913.71, Legislative Service Commission Comment (1973).

{¶10} The plain language of Section 2913.71(B) indicates that it applies to blank checks, not just any checks, regardless of their value. The Comment supports this conclusion, and the State has pointed us to no compelling authority suggesting otherwise. *See State v. Thomas*, 10th Dist. Franklin No. 10AP-557, 2011-Ohio-1191, ¶ 21 (noting that one of the items of property set forth in Section 2913.71 is a blank check); *State v. Billingsley*, 7th Dist. Jefferson No. 15 JE 3, 2015-Ohio-4824, ¶ 10 (same); *State v. Phillips*, 2d Dist. Clark No. 2003-CA-15, 2004-Ohio-4688, ¶ 6 (same); *State v. Purdue*, 6th Dist. Wood No. WD-88-4, 1988 WL 91339, *1 (Sept. 2, 1988) (same); *State v. Pointer*, 8th Dist. Cuyahoga No. 40503, 1979 WL 210744, *1 (Sept. 20, 1979) (same).

{¶11} As the Comment suggests, the purpose of this Section is to enhance the penalty for the theft of property that, in and of itself, is worth very little, but that potentially has a very high value. *See State v. Dorsey*, 6th Dist. Lucas Nos. L-01-1260, L-01-1259, L-01-1257, L-01-

1258, 2002-Ohio-5196, ¶ 42 ("[T]he purpose of the statute, as gleaned from its wording and the committee notes, is to make the theft of particular items a felony absent proof of their value. Such items, including blank checks and credit cards, have potentially very high values."). We, therefore, are unpersuaded by the State's argument that the word "blank" – and all of the other language after the first comma in Section (B) – only modifies "other negotiable instruments[.]" Having analyzed the plain language of the statute in conjunction with the facts presented, we hold that the trial court erred when it found Mr. Podojil guilty of theft under Sections 2913.02(A)(1)/2913.71(B). Accordingly, Mr. Podojil's assignment of error is sustained.

### III.

{¶12} Ryan Podojil's assignment of error is sustained. The judgment of the Summit County Court of Common Pleas is reversed, and the matter is remanded for sentencing proceedings on the two convictions for petty theft under Section 2913.02(A)(1).

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

_____
JENNIFER HENSAL
FOR THE COURT

CARR, J.
SCHAFER, J.
CONCUR.

APPEARANCES:

ANGELA M. KILLE, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and TABITHA STEARNS, Assistant Prosecuting Attorney, for Appellee.